UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| FELINA DIAZ ) | Case No. 08-13715-SSM |
| ) | Chapter 7 |
| Debtor ) | |

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTION TO EXEMPTIONS**

A hearing was held on June 8, 2010, on the objection of the chapter 7 trustee, Gordon P. Peyton, to the debtor's claimed exemption of three retirement accounts. With respect to one of the accounts, an employer-sponsored 401(k) retirement savings account, the trustee is now satisfied that the funds are protected from administration. He asserts, however, that the two other accounts, which are individual retirement accounts (IRAs), were not claimed as exempt within the time limit specified by § 34-34(E), Code of Virginia. Because the court agrees with the debtor that the funds are independently exempt under § 522(b)(3)(C), Bankruptcy Code, and because the time limitation on claiming the Virginia IRA exemption does not apply to the Bankruptcy Code's IRA exemption, the objection will be overruled.

Background

Felina Diaz filed a voluntary petition in this court on June 26, 2008, for adjustment of her debts under chapter 13 of the Bankruptcy Code. Although a plan was confirmed, the debtor ultimately converted her case to a chapter 7 case on January 12, 2010. The meeting of creditors in the converted case was originally scheduled for February 11, 2010, but was rescheduled (and, the court assumes, concluded) on March 23, 2010. At the time the case was converted from

chapter 13 to chapter 7, the debtor filed amended schedules which listed—under the heading for "Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans"—the following accounts, all of which were claimed exempt under § 34-29, Code of Virginia:

| | |
|---|---|
| Company 401K | $109,000.00 |
| Fidelity | $30,000.00 |
| Valic | $25,000.00 |

On April 22, 2010, the trustee filed an objection to the exemption of the three accounts on the ground that the cited Virginia statute protects disposable wages, not retirement accounts, and in any event protects only 75% of such wages. The debtor then further amended her schedules five times. The first amendment (Doc. # 62), filed on May 5, 2010, changed the names and amounts of the accounts to the following:

| | |
|---|---|
| Metlife IRA | $93,851.51 |
| Fidelity 401K | $27,460.60 |
| Metlife IRA | $18,048.93 |

The accounts continued, however, to be claimed exempt under § 34-29, Code of Virginia. A further set of amended schedules (Doc. # 66) was filed on May 12, 2010,[1] but made no change in the description, amounts, or basis of exemption. On May 17, 2010, the debtor filed two sets of amended schedules. The first (Doc. # 67), without changing the description or value of the accounts, now claimed them exempt under § 34-34, Code of Virginia; while the second (Doc. # 68), otherwise identical, claimed them exempt under "Va. Code §522(b) 3 (c)", a non-existent

---

[1] These were apparently filed because the schedules filed on May 5th had not been signed by the debtors, which resulted in a deficiency notice by the clerk.

2

statute. A final set of amended schedules (Doc. # 71) was filed on June 1, 2010, claiming the Fidelity 401K account exempt under "11 USC Code §522(b) 3 (c)" and the two Metlife IRA accounts under "11 USC Code §522(n)."

## Discussion

### A.

As part of his or her "fresh start," an individual debtor may retain certain property free from the claims of the trustee and most creditors. In theory, the debtor may elect between the exemptions provided in § 522(d) of the Bankruptcy Code (commonly referred to as "the federal exemptions") or the exemptions provided under state law.[2] A state, however, may opt out of allowing its residents to claim the federal exemptions. Like the majority of states, Virginia has done precisely that. Va. Code Ann. § 34-3.1 Thus, debtors whose exemptions are governed by Virginia law are limited to the exemptions available under state law and general (non-bankruptcy) federal law. This is subject, however, to one important addition. As a result of changes made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, 119 Stat. 23 ("BAPCPA"), a debtor who elects or is required to take state exemptions is *also* entitled to exempt

> retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

---

[2] The rules as to *which* state's laws apply, however, are complex. If the debtor has lived in a single state during the 730 days preceding the filing of the bankruptcy petition, then the laws of that state govern. If the debtor has *not* lived in a single state during the 730-day qualifying period, then the laws of the state in which the debtor has resided for the greater portion of the 180-day period *preceding* the 730-day period applies.

§ 522(b)(3)(C), Bankruptcy Code.  This is subject to the limitation that the aggregate amount of IRA assets that may be exempted (exclusive of roll-overs) is $1,095,000, "except that such amount may be increased if the interest of justice so require." § 522(n), Bankruptcy Code.

Even prior to BAPCPA, a retirement savings account governed by the Employee Retirement Income Security Act of 1974 ("ERISA") was excluded from property of the estate and could not be reached by the trustee. *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992).  However, debtors who elected or were required to claim state exemptions could exempt IRAs only to the extent provided under state law.  A Virginia statute, first enacted in 1990, and many times amended (most recently in 2007), provided first a limited, then a more expansive, exemption for IRAs. § 34-34, Code of Virginia.  The current version of the statute, which was in effect both at the time the debtor's bankruptcy petition was filed and on the date of conversion, provides that "the interest of an individual under a retirement plan shall be exempt from creditor process to the same extent permitted under federal bankruptcy law for such a plan."  Va. Code Ann. § 34-34(B).  Relevant to the present controversy, it further requires that "[t]he exemption provided under this section must be claimed within the time limits prescribed by § 34-17."  Va. Code Ann. § 34-34(E).  Section 34-17 in turn requires that exemptions under Virginia's homestead exemption be claimed "on or before the fifth day after the date of the meeting held pursuant to 11 U.S.C. § 341, but not thereafter" (with the clarification that in a case converted from chapter 11, 12, or 13 to chapter 7, the period runs from the meeting of creditors in the chapter 7 case).  Va. Code Ann. § 34-17(A).  Thus, any exemption of the IRAs based on § 34-34, Code of Virginia, would have to have been claimed not later than March 28, 2010.  Since the debtor did not claim the IRAs exempt under § 34-34, Code of

Virginia, until May 17, 2010, the exemption claim, to the extent dependent upon the Virginia statute, comes too late and would have to be disallowed.

B.

As a result of the changes made by BAPCPA, however, a debtor who elects or is required to take state law exemptions is not limited to the IRA exemption provided by state law but may, independent of state law, claim the exemption provided by § 522(b)(3)(C), Bankruptcy Code, subject to the dollar limitation in § 522(n). This is what the debtor—albeit belatedly and with still some lack of precision[3]—has done in this case. A debtor is allowed to amend schedules, including schedules of exemptions, "as a matter of course at any time before the case is closed." Fed.R.Bankr.P. 1009(a). Because the debtor is no longer claiming an exemption under Virginia law but under a specific provision of the Bankruptcy Code, the time limit in § 34-34(E) for claiming an exemption under the Virginia statute simply does not apply.

The trustee does not dispute that the Fidelity 401K is an ERISA-qualified account that is protected under the Supreme Court's ruling in *Patterson v. Shumate*. Nor does the trustee contest that the two IRAs are tax-exempt under § 408 of the Internal Revenue Code. Thus, the IRAs squarely fall within the exemption provided by § 522(b)(3)(C) of the Bankruptcy Code and

---

[3] The court cannot help expressing its dismay at the fumbling and lack of professionalism reflected by the succession of five amended schedules filed in this case. Section 34-29, Code of Virginia, was clearly never the appropriate exemption statute, and "§ 522(b) 3 (c)" of the Code of Virginia does not exist  The claim under § 34-34, Code of Virginia, was appropriate but flawed because by then it was time-barred. Even the citation to the statute on which the debtor now relies is not exactly correct: it is 11 U.S.C. § 522(b)(3)(C), not "§ 522(b) 3 (c)." And § 522(h) is not an exemption but rather a limitation on the exemption under § 522(b)(3)(C). A greater attention to detail would clearly have been in order.

are not subject to disallowance simply because the bankruptcy exemption was claimed after the time allowed for claiming an exemption under the Virginia statute.

## O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The objection to the debtor's claimed exemption of the retirement savings accounts is sustained to the extent grounded on § 34-29, § 34-34, or (non-existent) § 522(b) 3 (c), Code of Virginia, but is overruled with respect to the exemption claimed under § 522(b)(3)(C), Bankruptcy Code.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____  _____

Alexandria, Virginia

Stephen S. Mitchell
United States Bankruptcy Judge

Copies to:

Felina Diaz
9203 Prince William Street
Ste 205
Manassas, VA 20110
Debtor

Klinette H. Kindred, Esquire
Law Office of Robert Weed
311 N. Washington Street, 3rd Fl
Alexandria, VA 22314
Counsel for the debtor

Gordon P. Peyton, Esquire
Redmon. Peyton & Braswell
510 King Street, Suite 301
Alexandria, VA 22314
Chapter 7 trustee